IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
ex rel

WAYNE J. DUNN #16988-056
Full name & prison number
(if any) of Petitioner

NO. 3:CV-01-0073

v.

JAKE MENDEZ ; USP Allenwood Warden
Name of Respondent

FILED
SCRANTON

JAN 16 2001

PER _____ DEPUTY CLERK

(PERSONS IN FEDERAL CUSTODY)

PETITION FOR WRIT OF HABEAS CORPUS

Instructions - READ CAREFULLY

   1. In order for this petition to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), and the unsworn declaration signed by the petitioner. It shall set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.

   2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.

   3. When the petition is completed, the original and three copies shall be mailed to the Clerk, United States District Court, Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pa. 18501

   If you are unable to pay the $5.00 filing fee for this action, you may petition the court to proceed in forma pauperis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records.

1. Place of detention __USP Allenwood, White Deer, PA 17887__

2. Name and location of court which imposed sentence __United States District Court for the Eastern District of North Carolina__

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a) __One Count; 21 U.S.C. §841 and §846;   97-CR-66-1__

    (b) _____

    (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

    (a) __Nov. 10, 1997; 174 mos.- 5 years sup. release ; 9,100 fine__

    (b) _____

    (c) _____

5. Check whether a finding of guilty was made

    (a) after a plea of guilty __X__

    (b) After a plea of not guilty _____

    (c) after a plea of nolo contendere _____

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury __NA__

    (b) a judge without a jury _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?   __No__

-2-

8. If you answered "yes" to (7), list

   (a) the name of each court to which you appealed:

   i. __NA__

   ii. _____

   iii. _____

   (b) the result in each such court to which appealed:

   i. __NA__

   ii. _____

   iii. _____

   (c) the date of each such result:

   i. __NA__

   ii. _____

   iii. _____

   (d) if known, citations of any written opinions or orders entered pursuant to such results:

   i. __NA__

   ii. _____

   iii. _____

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

   (a) __My indictment does not provide all the essential__ elements of the offense I am convicted for.

   (b) _____

-3-

(c)

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

(a)         See Attached

"MEMORANDUM OF FACTS"

(b)

(c)

-4-

(e) If known, citations of any written opinions or orders entered pursuant to each such disposition:

i. _____NA_____

ii. _____

iii. _____

13. If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

(a) The Petitioner here has asserted a claim in accordance to APPRENDI v. NEW JERSEY, 530 U.S. 2000(June 26, 2000), New Constitutional law. Because the New Constitutional, has not been made retroactive to cases on collateral

(b) review by the Supreme Court, that was previously unavailable, making §2255 of Title 28 U.S.C. <u>inadequate</u> or ineffective to test the legality of my detention.

(c) Therefore, the petitioner's only means of remedy is §2241. <u>Sustache-Rivera v. U.S.</u>, 221 F.3d 8, 16 (1st Cir. 1999

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any other petition, motion or application: NO

-6-

11. Have you filed previous petitions for habeas corpus motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction:

    Yes

12. If you answered "yes" to (11), list with respect to each petition, motion or application

    (a) the specific nature thereof:

    i. Ineffective assistance of Counsel

    ii. 

    iii. 

    (b) the name and location of the court in which each was filed.

    i. United States District Court for the Eastern District
    ii. of North Carolia, Western Division
    iii. 

    (c) the disposition thereof.

    i. Denied
    ii. 
    iii. 

    (d) the date of each such disposition:

    i. July 22, 1999
    ii. 
    iii. 

-5-

15. If you answered "yes" to (14), identify

   (a) which grounds have been previously presented:

   i. NA

   ii. _____

   iii. _____

   (b) the proceedings in which each ground was raised:

   i. NA

   ii. _____

   iii. _____

16. Were you represented by an attorney at any time during the course of

   (a) your arraignment and plea: Yes

   (b) your trial, if any: NA

   (c) your sentencing: Yes

   (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?
   NA

   (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed:
   NA

17. If you answered "yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   i. Mark E. Edwards, 331 W. Main St. Suite 508

   Durham NC 27701

-7-

  ii. _____

  iii. _____

(b) the proceedings at which each such attorney represented you:

  i. arraignment, Pleading, Sentencing.

  ii. _____

  iii _____

18. If you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information (see instructions, page 1 of this form).

    Executed at  USP Allenwood, White Deer, PA
           Name of Institution, city, state

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on  12/21/2000
          Date

          _Wayne J. Dunn 16988-056_
          Signature of Petitioner

MEMORANDUM OF LAW
(Supporting Ground One)

---

THE PETITIONER'S CONVICTION WAS IMPOSED IN VIOLATION OF
HIS FIFTH AND SIXTH AMENDMENT RIGHTS OF THE CONSTITUTION

---

COMES NOW, the Petitioner, Wayne J. Dunn (herein after "Dunn"), who stands before this honorable court convicted of Title 21 U.S.C. §841(a), (b)(1)(A) and §846. See Appendix A, attached; Although the granted Dunn a downward departure, below the statutory maximum of (b)(1)(C), the grand jury never return a indictment for the aggravated charges that Dunn stands convicted for under section (b)(1)(A). Dunn's conviction was imposed in violation of his Fifth and Sixth Amendment rights to be informed of the nature and cause of the accusation and a indictment of a grand jury, containing the elements of the offense charged, placing him on fair notice of the charges he must defend or plead his case adequately.

A. SUFFICIENCY OF THE INDICTMENT

Dunn's indictment has fail to list all the essential elements of the crime he stands convicted of. Dunn's indictment only cites the statute numbers 841 and 846, as set forth in Title 21 U.S.C. The indictment does not reflect the drug quantity pursuant to 21 U.S.C. §841(b), nor does the indictment even refer to §841(b) statute numbers. the intent of Congress, in the applications of 21 U.S.C. §841(a)(1) and (b)(1),et.seq., convictions was to establish both the crime and penalty for which an individual may be exposed to, if indicted. By the government's omission of 841(b),et.seq., statutory language, or drug

1

quantity in the indictment, or a Sub-part of (b)(1) to implicate the sentence to be imposed, the government has failed to apply the statute consistent with its intent as legislated by Congress. Section 841 does not establish a penalty or a quantity of drugs. The citing of merely 841 in an indictment is insufficient on its face to establish adequate notice or a complete indictment tracking statutory language and penalties. Dunn should have had an opportunity to know what the law is or rather what penalties he faced, to allow him to either plea accordingly or prepare to defend himself. See Appendix B

The grand jury here made no findings as to which penalty, Dunn's actions should be held accountable for, if convicted. The indictment cannot be amended or broaden outside of the presents of the grand jury, to allow that to happen would deprive Dunn of his basic protection which the intervention of a grand jury was designed to secure. See **Russell v. United States**,369 US 749,770* ,8 Led 2d 240, 82 S.Ct 1038 (1962). As JUSTICE STEVENS has reminds us in his recent opinion of **Apprendi v. New Jersey**,120 S.Ct. 2348 (2000)  these are "constitutional protections of surpassing importance: the proscription of any deprivation of the liberty without "due process of Law"".

The Court of Apprendi new rule is that the Constitutional protections guaranteed under the Fifth and Sixth Amendment require that "any" fact that increases the maximum penalty for a crime must be charged in an indictment. That facts known as sentencing factors are to be consider as "elements" of the offense. Dunn's indictment contains no 841(b) element, nor a drug quantity element. Those elements must rooted firmly in the indictment by the government, to allow the grand jury a chance to complete it's investigation and decide whether probable cause, truly does exist. Under the indictment rules, the courts

Subject-matter jurisdiction, rest on the face of the indictment, without the proper indictment, no court has jurisdiction over the alleged crime. See **Crosby v. United States**, 339 F.2d 743,744(D.C. Cir. 1964) citing **Stirone v. United States**, 361 U.S. 212,213,80 S.Ct 270, 4 L.ed 2d 252 (1960); **Ex parte Bain**, 121 U.S. 1,12-13, 7 S.Ct. 781, 30 L.ed 849 (1887).

To allow Dunn's conviction to stand would nonetheless violate his rights to be convicted on only charges found by the grand jury independently of either prosecuting attorney or judge See **Stirone**, 361 US at 218. Whereas the court cannot accept a plea guilty upon charges not allege in the indictment, Dunn also cannot plea guilty to a charge not first presented to a grand jury, unless he[Dunn] first waives his rights to a grand jury indictment. Dunn has not waived those rights. It therefore axiomatic that the prosecutor in every criminal proceedings establish proper jurisdiction in order to sustain a conviction. It must be at the beginning of every criminal proceedings, without it the court does not have jurisdiction to accept a plea,enter a conviction or impose a sentence for an offense not charged in the indictment. Dunn conviction of a aggravated crime as set forth in §841(b)(1)(A), must be vacated and he must be reindicted. See **U.S. v. Tran**, 2000 WL 1701651 at *9 (2nd Cir.(N.Y.)).

**B. DOES DUNN FIRST HAVE TO SHOW HE WAS IN SOME WAY PREJUDICE IN HIS PROCEEDINGS ?**

Dunn need not show any proof that he was prejudice in his criminal proceeding, because defective indictment cannot be cured by the absence of prejudice to a defendant. See **U.S. v. Prentiss**, 206 f.3d 960,965 (10th Cir.2000); **U.S. v. Spinner**, 180 f.3d 514, 516 (3rd Cir. 1999). It is the type of fundamental defect in a proceedings

3

that was not waived by a guilty plea, a defect that the court must take notice of. **Prentiss** at 965; citing **U.S. v. Shoup**, 608 f.2d 950, 960 (3rd Cir. 1979). See Fed.R.Crim.P. 12(b)(2). The error is to be notice then corrected. See **Tran** at *9.

The ends cannot justify the means, the court acted without subject-matter jurisdiction to accept a plea agreement and enter a conviction on aggravated charges not found or presented to the grand jury.

CONCLUSION

For the reasons set forth in the above style petition under §2241 the Petitioner's motion should be granted. The conviction should be vacated and remanded for proper relief.

Date: 12/2/2000                                  *[signature]* Wayne J. Dunn #16988-056

Appendix A

JB

**FILED**

APR 15 1997

DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT NORTH CAROLINA
WESTERN DIVISION

NO. 5:97-CR-66-1-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| WAYNE J. DUNN ) | INDICTMENT |
|   a/k/a Shaquille Upchurch ) | |
|   a/k/a Romeo Sanchez ) | |
|   a/k/a Ray Ricky Owens ) | |
|   a/k/a Garcia Ferguson ) | |

The Grand Jury charges:

From in or about November of 1993 to on or about March 15, 1997, ~~in the Eastern District of North Carolina~~ and elsewhere, defendant WAYNE J. DUNN, a/k/a Shaquille Upchurch, a/k/a Romeo Sanchez, a/k/a Ray Ricky Owens, a/k/a Garcia Ferguson, did knowingly and willfully combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, ~~to commit offenses against the United States,~~ to wit, to violate Title 21, United States Code, Section 841, by knowingly and intentionally distributing and possessing with intent to distribute cocaine base (crack), a Schedule II narcotic controlled substance, in violation of the provisions of Title 21, United States Code, Section 846.

A TRUE BILL

_Deborah K. McGinn_
Foreperson

Date: APRIL 15, 1997

_Janice McKenzie Cole_
JANICE McKENZIE COLE
United States Attorney

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court    Appendix B

## Eastern District of North Carolina - Western Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Wayne J. Dunn | Case Number: 5:97CR00066-001 |
| | Mark E. Edwards |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 21 U.S.C. § 846 | conspiracy to distribute and possess with intent to distribute cocaine base | 03/15/1997 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: | 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 | 11/10/1997 |
| Defendant's Date of Birth: | 09/12/1960 | Date of Imposition of Judgment |
| Defendant's USM No.: | 16988-056 | |

Defendant's Residence Address:
27 Rutledge Ave

Signature of Judicial Officer

| EAst Orange | NJ | 07018 | JAMES C. FOX |

**UNITED STATES DISTRICT JUDGE**
Name & Title of Judicial Officer

Defendant's Mailing Address:
27 Rutledge Ave

| EAst Orange | NJ | 07018 |

11/10/97
Date

I certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page 7 of 7

DEFENDANT: Wayne J. Dunn
CASE NUMBER: 5:97CR00066-001

Appendix B

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 35

Criminal History Category: IV

Imprisonment Range: 235 mos to 293 mos.

Supervised Release Range: 5 yrs.

Fine Range: $ 20,000.00 to $ 4,000,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☒ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☒ The sentence departs from the guideline range:

☒ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):