DMB:KLM:all

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE J. DUNN,                :
      Petitioner    :    No. 1:CV-01-0073
                    :
  v.                          :    (Judge Caldwell)
                    :
JAKE MENDEZ,                  :
      Respondent    :

## GOVERNMENT'S RESPONSE TO
## THE PETITION FOR WRIT OF HABEAS CORPUS

This is habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Wayne J. Dunn, who presently is confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"). Dunn is challenging his 1997 conviction in the United States District Court for the Eastern District of North Carolina on a charge of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §846. See United States v. Dunn, No. 5:CR-97-66-1-F (E.D.N.C. 1997). Dunn pled guilty to the charge and was sentenced on November 10, 1997, to 174 months imprisonment and five years supervised release.

In this habeas petition, Dunn relies upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), to challenge his 1997

conviction. Specifically, Dunn claims that the indictment was insufficient in that it failed to allege an essential element, *i.e.*, the quantity of drugs involved.

Although the government maintains that Dunn cannot raise such a claim under 28 U.S.C. §2241, the Court need not address that question in that the Third Circuit has already held that <u>Apprendi</u> does not apply to Dunn.

### Statement of the Case

<u>The Conviction and Sentence</u>

On April 15, 1997, Dunn was indicted by a Grand Jury in the Eastern District of North Carolina at No. 5:97-CR-66-1-F on a charge of of conspiracy to distribute and possess with intent to distribute cocaine base (crack), 21 U.S.C. §846. The indictment alleged that Dunn was involved in possessing and distributing cocaine base (crack) but did not allege the quantity of drugs involved. (Dunn's Memorandum, Appendix A). Dunn pled guilty to the charge, and on November 10, 1997, Dunn was sentenced to 174 months in prison with five years of supervisory release. (Pet., p. 2; Memorandum, Appendix B, p. 1). Dunn's sentence departed downward from the guideline range upon motion of the government as a result of Dunn's substantial assistance. (Memorandum, Appendix B, p. 2).

2

The §2255 motion

Dunn filed a motion pursuant to 28 U.S.C. §2255 in the Eastern District of North Carolina challenging his conviction on the grounds of ineffective assistance of counsel. (Pet., p. 5). Dunn's petition was denied on July 22, 1999 (Pet., p. 5).

Dunn appealed the district court's order denying his §2255 motion. On December 30, 1999, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Dunn, 2000 WL 1383, 203 F.3d 823 (4th Cir. 1999) (Table)(attached).

On January 16, 2001, Dunn filed his present habeas petition under 28 U.S.C. §2241. On February 27, 2001, the Court ordered the government to respond to the allegations in the petition on or before March 19, 2001.

### Question Presented

Should the present habeas petition be denied in that Apprendi is not applicable to Dunn and, further, in that Dunn cannot challenge his conviction by a §2241 habeas petition?

### Argument

**DUNN'S HABEAS PETITION SHOULD BE DENIED IN THAT APPRENDI IS NOT APPLICABLE TO DUNN AND, FURTHER, IN THAT DUNN CANNOT CHALLENGE HIS CONVICTION THROUGH A §2241 HABEAS PETITION.**

A.  Apprendi Does Not Apply to Dunn.

The simplest way to resolve Dunn's §2241 habeas petition is to deny it on the ground that Apprendi does **not** apply to Dunn's

situation. In <u>United States v. Cepero</u>, 224 F.3d 256 (3d Cir. 2000), the Third Circuit recognized that <u>Apprendi</u> applies only to the determination of facts that increase a statutory maximum sentence; it has no application to the ordinary calculation of the sentencing guidelines. <u>Cepero</u>, 224 F.3d at 267 n.5 ("Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of <u>Apprendi v. New Jersey</u>, ___ U.S. ___, [120 S.Ct. 2348 (2000)], are not relevant here.").[1]

Thus, so long as the sentence calculated under the guidelines is accommodated by the lowest statutory maximum, and no factual finding is required to enhance the statutory maximum, there is no <u>Apprendi</u> issue.

For instance, the drug statute, 21 U.S.C. §841, applies a maximum sentence of 20 years in any case involving cocaine, cocaine base, heroin, methamphetamine, or any other schedule I or II controlled substance. <u>See</u> §841(b)(1)(C). That maximum may be increased based on certain quantities of such drugs. If a

---

[1] In <u>Apprendi</u>, 120 S.Ct. 2348, the Supreme Court held that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. <u>Id.</u> at 2362-63. Contrary to Dunn's assertion, the Supreme Court did <u>not</u> hold that the quantity of drugs is an element of a crime under 21 U.S.C. §841(a). Rather, <u>Apprendi</u> is limited to a **sentencing factor** that increases a sentence beyond the maximum set forth in the underlying criminal statute.

4

defendant receives a sentence of 20 years or less on such a §841 count, there is no issue under <u>Apprendi</u> as there is no need for any factual finding regarding an enhanced statutory maximum in order to permit the guidelines sentence. See <u>United States v. Williams</u>, 235 F.3d 858, 862-64 (3rd Cir. 2000).[2]

Here, Dunn received a 174-month sentence for his cocaine conviction. In fact, Dunn's sentence departed downward from the guideline range upon motion of the government as a result of Dunn's substantial assistance. Under <u>Williams</u> and <u>Cepero</u>, therefore, Dunn has no <u>Apprendi</u> issue. Accordingly, Dunn's §2241 habeas petition should be denied.

**B.** <u>**Dunn Cannot Challenge His Conviction Via a §2241 Petition**</u>.

The government submits that Dunn cannot even raise his <u>Apprendi</u> claim in a §2241 habeas petition. This is so because

---

[2] In <u>Williams</u>, the Third Circuit held that because Williams' final sentence, 85 months, was within the lower statutory maximum to which the defendant had agreed (20 years), the district court was entitled to make the quantity determination as required by the guidelines and to do so by a preponderance standard. The Court held it was irrelevant that the drug calculation increased the statutory maximum in cases where the final sentence did not exceed the lower maximum. "[T]hough the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that <u>Apprendi</u> is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month) was well under the original statutory maximum of 20 years." <u>Williams</u>, 235 F.3d at 863. See also <u>United States v. Mack</u>, 229 F.3d 226, 235 n.12 (3rd Cir. 2000)(<u>Apprendi</u> does not apply to sentencing enhancements under the guidelines where the statute authorized a maximum term of life imprisonment, which could accommodate any guideline sentence).

5

Congress has mandated that persons like Dunn, *i.e.*, persons convicted in federal court who challenge their convictions and sentences, are required to do so by filing a motion under 28 U.S.C. §2255 before the sentencing court. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3rd Cir. 1971); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). As such, Dunn cannot seek relief under §2241 and this habeas petition should be denied.

### 1. The Statutory Framework For Federal Post-Conviction Relief.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. <u>Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Vial</u>, 115 F.3d at 1194; <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. <u>Galante</u>, 437 F.2d at 1165.

Thus, §2255 provides a remedy which is equivalent to that historically available under the habeas writ. "[I]t conclusively appears from the historic context in which §2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously

6

been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962).

The reason for this rule is due to the venue provisions governing §2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. §2241. This proved unmanageable, however, in that §2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted §2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. Dorsainvil, 119 F.3d at 249.

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). The only exception, i.e. when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test the legality of detention, which exception we address below.

28 U.S.C. §2255; <u>Davis</u>, 417 U.S. at 343, <u>Dorsainvil</u>, 119 F.3d at 251; <u>Vial</u>, 115 F.3d at 1194.

2. **<u>AEDPA's Effect on Federal Post-Conviction Relief</u>**.

In 1996, Congress amended §2255 through AEDPA. One significant change is that prisoners must file their §2255 motions within one year of their conviction or three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; <u>Vial</u>, 115 F.3d at 1194-95.[3]

The Third Circuit addressed the extremely limited availability of a §2241 motion to challenge a federal conviction in

---

[3] A court of appeals may authorize the filing of a second or successive §2255 motion only if the prisoner's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. <u>See also</u> 28 U.S.C. §2244(b)(3).

8

In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). There, the defendant wished to challenge his conviction under 18 U.S.C. §924(c), after the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995), limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise this issue in a successive §2255 petition given the statutory limitations on successive §2255 petitions. However, that left Dorsainvil in a position where he may well have been convicted for conduct that was not criminal, with him having no §2255 remedy. The Court, while acknowledging that §2241 "is now reserved for rare cases," 119 F.3d at 250, held that the remedy of §2241 consideration applied in Dorsainvil's unique situation. In so holding, the Circuit relied on Davis v. United States, 417 U.S. 333 (1974), in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his conduct not to be criminal** in order to avoid a complete miscarriage of justice. 119 F.3d at 251.

Dorsainvil continued:

> *We do not suggest that §2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255.* However, allowing someone in Dorsainvil's unusual position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied

9

retroactively -- is hardly likely to undermine the gatekeeping provisions of §2255.

Id. at 251 (emphasis added).

Thus, the "inadequate and ineffective" exception of §2255, known as the "safety-valve" clause or "savings" clause of §2255, **must** be construed **strictly**. Dorsainvil, 119 F.3d at 251 (collecting cases). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a §2255 motion...." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(citations omitted); Dorsainvil, 119 F.3d at 251; Bradshaw, 86 F.3d at 166 (§2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. §2255"); Leguillou, 212 F.2d at 684; United States v. Walker, 980 F. Supp. 144 (E.D. Pa. 1997). See also Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make §2255 "inadequate or

10

ineffective;" to permit such a result "would make Congress' AEDPA amendment of §2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of §2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under §2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a §2241 action simply when unable to bring a §2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

Presumably Dunn thinks he can ask this court to review his challenge to his conviction because he cannot meet one of the gatekeeping requirements of §2255. As just discussed above, however, see text supra at 8-11, the Third Circuit and other Courts of Appeals have held that merely because a criminal defendant/prisoner cannot meet the gatekeeping requirements of §2255 does not permit the prisoner to file a §2241 petition --with such a result eviscerating Congress' recent amendment to §2255. Thus, Dunn cannot maintain this §2241 habeas petition to collaterally challenge his federal conviction.

Additionally, in United States v. Brooks, 230 F.3d 643 (3rd Cir. 2000), the Court of Appeals confirmed that §2241 may not

11

be used to escape the procedural limitations imposed by the AEDPA. Reviewing the limited number of cases in which a §2241 petition had been allowed, the Court stated: "Indeed, a common theme is evident in the circuit court opinions addressing the availability of §2241: in those cases in which recourse to §2241 is granted, the petitioner would have no other means of having his or her claim heard." Id. at 648. In Dorsainvil, for example, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but is barred due to AEDPA's procedural rules, recourse to §2241 is impermissible. Accordingly, Brooks held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition.

Thus, in light of the above, Dunn cannot bring his sentencing claim in a §2241 habeas petition but must do so under 28 U.S.C. §2255. Dunn's §2241 petition does not make a claim that he was convicted of a crime for conduct that has been held to be legal -- as was the unique situation in Dorsainvil. Rather, Dunn seeks only to raise a claim that he did not raise before and that he may now be procedurally barred from raising in light of AEDPA.

12

As such, Dunn cannot bring his <u>Apprendi</u> claim in a §2241 habeas petition and the habeas petition should be denied.

### Conclusion

For the above-stated reasons, Dunn's petition for a writ of habeas corpus should be denied.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date: March 19, 2001

203 F.3d 823 (Table)
**Unpublished Disposition**

Page 1

(Cite as: 203 F.3d 823, 2000 WL 1383 (4th Cir.(N.C.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.

UNITED STATES Of America, Plaintiff-Appellee,
v.
Wayne J. DUNN, a/k/a Shakeel Upchurch, a/k/a Remeo Sanchez, a/k/a Ray Rickie Owens, a/k/a Garcia Ferguson, Defendant-Appellant.

No. 99-7376.

Submitted Dec. 16, 1999.
Decided Dec. 30, 1999.

Appeal from the United States District Court for the Eastern District of **North Carolina**, at Raleigh. James C. Fox, District Judge. (CR-97-66-F, CA-99-233-5- F).

Wayne J. Dunn, pro se.

Robert Edward Skiver, Assistant United States Attorney, Raleigh, NC, for appellee.

Before MURNAGHAN and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM.

**1 Wayne J. Dunn seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp.1999). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. *See United States v. Dunn,* Nos. CR-97- 66-F; CA-99-233-5-F (E.D.N.C. Sept. 9, 1999). [FN*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

FN* Although the district court's order is marked as "filed" on September 8, 1999, the district court's records show that it was entered on the docket sheet on September 9, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. *See Wilson v. Murray,* 806 F.2d 1232, 1234-35 (4th Cir.1986)

*DISMISSED.*

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE J. DUNN,  :
    Petitioner  :  No. 1:CV-01-0073
      :
  v.  :  (Judge Caldwell)
      :
JAKE MENDEZ,  :
    Respondent  :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 19th day of March, 2001, she served a copy of the attached

## GOVERNMENT'S RESPONSE TO
## THE PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Wayne J. Dunn
Reg. No. 16988-056
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist