Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE J. DUNN,
    Petitioner

v.

JAKE MENDEZ,
    Respondent

No. 1: CV-01-0073

(Judge Caldwell)

FILED
HARRISBURG, PA

APR 0 2 2001

MARY E. D'ANDREA CLERK
Per _____
    Deputy Clerk

REPLY TO
GOVERNMENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS

In the Government's response to the Petitioner's §2241 Habeas Corpus, the government has alleged that Dunn cannot raise a <u>Apprendi</u> claim in a §2241 habeas petition. Dunn can raise a claim under Apprendi for the followinf reasons:

### I. The United States District Court for the middle district of Pennsylvania has jurisdiction over a §2241 Habeas Corpus writ

Federal courts have jurisdiction over habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Section 2241 states that "writ of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. §2241(a),(c)(3). Courts may grant the writ when the petitioner alleges and proves actual innocene or a miscarrige of justice. See, **In re Dorsanvil**, 119 f.3d 245,248 (3rd Cir. 1997); **Triestman v. United States**, 124 f.3d 361,377 (2nd Cir. 1997).

In **Grey-Bey vs. United States**, 209 f.3d 986 (7th Cir. 2000) the district court for the District of Arkansas transferred a writ of habeas corpus under 28 U.S.C. 2241 to the Seventh Circuit after concluding that the petitioner was attempting to

evade the limitations on second or successive collateral attacks under 2255. The Seventh Circuit reversed and remanded with instructions to consider the 2241 on the merits.

The Seventh Circuit stated that "...a district court presented with a petition for a writ of habeas corpus under 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under 2255 also cannot proceed under 2241..."**Id.** at 990. See also **Valona vs. United States**, 138 f.3d 693 (7th Cir.1998)(Not all multiple collateral attacks are "second or successive" for purposes of statutory restrictions on petitioner's ability to file second or successive motion to vacate), **Barapind vs. Reno,**2000 WL 1210050 (9th Cir.2000)(However, the gatekeeping provision of AEDPA, as set forth in 28 U.S.C. 2244, do not apply to all habeas petitions, nor are all multiple collateral attacks "second or successive").

The Seventh Circuit concluded that "Grey-Bey began these proceeding by filing a 2241 petition in the Eastern District of Arkansas, and we think that he is entitled to a decision in the regular course-that is, by a district judge, followed by appeallate review and the opportunity to seek review by the Supreme Court--under that statute." **Grey-Bey** at 990. The Seventh Circuit remanded to the district court for consideration as a petition for a writ of habeas corpus under 2241.

Likewise, in **Hernandez vs. Campell**, 204 F.3d 861 (9th Cir.2000), the Ninth Circuit held that the district court may not transfer a 2241 habeas corpus petition without first making a determination whether the 2255 remedy is "inadequate or ineffective." According to the Hernandez, the district court must determine whether the 2241 petition fails under the savings clause.

> The Court wrote:
>> The Central District was also incorrect in stating that 2241 petitions may not address the legality of sentences. Indeed, the whole point of the savings clause is to allow petitions to be filed under 2241 when 2255 is "inadequate or ineffective." **Id** at 866, footnote 7.

2

Dunn is incarcerated in U.S.P. Allenwood, located in White Deer, Pennsylvania. The prisoner's custodian is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania, which means this Court has the duty to entertain Mr. Dunn's 2241 petition. See **Grey-Brey** at 990.

Futhermore, the instant 2241 is proper remedy when the constitutional violations are based on events that occurred after the imposition of the sentence. The 2255 Motion was denied on December 30,1999. **Apprendi v. New Jersy**, 120 S.Ct.2348(2000) was decided June 26,2000). Plainly, **Apprendi** was decided after Dunn was sentenced, and after the 2255 motion was denied.

## II. Is the Language of section 841(b)(1)(A) and 841(b)(1)(B) Ambiguous, or does it means what its say ?

Also in the government's response, the government submitted to this Court that Dunn's conviction and sentence is valid, because it does not go outside of the maximum sentence of 20 years for any case involving <u>cocaine</u>, <u>cocaine base</u>, <u>heroin</u>, <u>methamphetamine</u>, or any other schedule I or II controlled substance; as provided in subpargraph §841(b)(1)(C). The government has misconstrued the plain language of section (b)(1)(C).

In the language as written in the Subparagraph of §841(b)(1)(C), it plainly states that: In the case of a controlled Substance in Schedule I or II, or 1 gram of Flunitrazepam, **except** as provided in subpargarph (A),(B), and (D)....
The language use here is provides a proviso. A **proviso** - A limitation or **exception** to grant made or authority conferred, the effect of which is to declare that the one shall operate, or the other be exercised, unless in the case provided; Condition; Stipulation. **Blacks Law Dictionary** (Sixth Edition). The word **"except"** it defined as (1) But for;(2) only for;(3) Not including;(4)Other than;(5) to leave out of account or consideration.

3

Section 841(b)(1)(C) language itself is distinctly different than that of subparagrahs (b)(1)(A) and (b)(1)(B). Without going backtrack to the mandatory minimums that was enacted in 1984,1986, and 1988 the petitioner tiers the mandatory minimums to the enacted as it were in 1994, on the otherhand it is also arguable that unless the jury(petit or grand) knows what the controlled substance is it cannot know, that it is as provided under 21 U.S.C. §812 control substance. 841(b)(1)(C) was revised to punish under the controlled substance act without the mixture of cocaine, or cocaine base. Even in 841(b)(1)(C) it states ... In the case of a controlled Substance .... Indicate that the identify is requires in the indictment and proven before a jury without a doubt.

Under section 21 U.S.C. 812, There are many controlled Substance,

To wit: THREE SEPARATE CONTROVERSY IN SCHEDULED ONE:

§812 (A) 42- different tpye of controlled substance
§812 (B) 22- different type of controlled substance
§812 (C) 17- different type of controlled substance

Where schedules two have 21- prohibit drug, all specific chemical designated therefore the identity is required for a violation of (b)(1)(C) and not the amount, where identity is the element.

And as it is written today, even under the 100-to-1 quantity ratio, The congress and legislative history of the 1994 enacted act concerning cocaine and cocaine base put the mandatory minimum thresholds within each sub-section of 841 b. For violation of 841 (b)(1)(A), Ten years minimum, where 841 (b)(1)(B), Five years minimum. Neither "Cocaine base" Nor "crack cocaine", nor any equivalent term is mentioned in section 841(A) or in any of the controlled substance schedules; Nor is there anything in any of the controlled substance schedule which can be to describe "cocaine base", or "crack cocaine", as a discrete variety or type or

4

cocaine. In the Anti-Drug Abuse Act of, 1986, Pub.L. 99-570, October 27,1986. 100 stat. 3207 Congress amended section 841 (b)(1)(A) and (B) so as, inter alia, to insert the "special" sentencing provisions for cocaine base which now appear at section 841 (b)(1)(A)(iii) and (B)(iii) **Id.** 100 stat. 3207-2, 3207-3. These Amendments in effect provided for the same sentence range for a given amount of "cocaine base", the inference from this is that cocaine base, as something distinct from cocaine or as some discrete variety or type of cocaine, is not listed or described in the controlled substance schedules.

Apart from the noted provisions of section 841(b)(1)(A)(iii) and B(iii). Neither "Cocaine base" nor "Crack cociane" is mentioned in section 841(b). Futher, when Congress in 1986 added the references to "cocaine base" by enacting section 841(b)(1)(A) and B(iii) as above described, No change was made in section 841(A)(1) or 21 U.S.C. 812 cocerning controlled substance schedules, therefore, because of the "Special" provision in subchapter 841(b)(1)(A)(iii) and B(iii) violation of the cocaine or cocaine base can only be utilize and punish under 841(b)(1)(A)(iii) and B(iii), Not 841(b)(1)(C), or 841(b)(1)(D).

In April 1997, In a special report of the Congress from the sentencing commission, It was expressed in statements that, "Five and Ten year mandatory sentences should be targeted at serious traffickers, this statement alone confirmed the penalities for 841(b)(1)(A)(iii) and B(iii).

> Congress has undoubted power to regulate the pratice and
> procedure of Federal courts, and may exercise that power
> by delegating to this or not inconsistent with the statutes
> or constitution of the United States:

The contention of the petitioner, in final analysis, is that to used 841(b)(1)(C) for "catch-all" under the violation of 841(A), is violation of the constitution of the United States, where one is punish for cocaine or cocaine base must be under the Special provision and not 841(b)(1)(C). When a violation of the Constitution is

5

recognized by not follow procedure of the statutes; Then the constitution is being trump upon. Under the statute authorizing, courts must follow the due process of the law to protect every innocence until proven guilty, and prohibiting courts from abridging, enlarging, or modifying substantive rights from one statute to another without an indictment present to the Grand jury.

The <u>Apprendi</u> ruling shows us that a court is without Jurisdiction to transfer any violation of one statute to another statute, indictment can not stand. If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, It also violates the constitution principle of the separation of powers. **Whalen v. United States**, 445 U.S. 684, 689, 100 S.ct. 1432, 63 L.ed 2d. 715 (1980).

### III. Conclusion

The government's motion should be denied and the writ should be issued as a matter of law.

*Wayne J. Dunn* (signature)
Wayne J. Dunn; Petitioner
#16988-056
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

**This Brief Was Researched And Prepared**

By: Johnny M. Brown,
Certified Paralegal #986820
And Arnie Porter #8955 Paralegal
Trainee Project Assistant.

6

## Certificate of Service

The undersigned hereby certifies that he did place a true and correct copy of the REPLY TO the GOVERNMENT"S RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS on this _1_ day of April, 2001, in the U.S. postal box at USP Allenwood, addressed to the following:

David M. Barasch; U.S. Attorney

Kate L. Mershimer; Asst. U.S. Attorney

228 Walnut Street, 2nd Floor

P.O. Box 11754

Harrisburg, PA 17108-1754

Wayne J. Dunn; Petitioner
#16988-056
USP Allenwood
P.O. Box 3000
White Deer, PA 17887