See Attachment

6
9/28/01
ASm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE J. DUNN,                      :
                                    :
            Petitioner              :
                                    :       CIVIL NO. 1:CV-01-0073
      v.                            :
                                    :       (Judge Caldwell)
JAKE MENDEZ,                        :
                                    :
            Respondent              :


FILED
SEP 27 2001
PER
HARRISBURG, PA.          DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

      The Petitioner, Wayne J. Dunn, a prisoner at USP-Allenwood,

White Deer, Pennsylvania, filed this pro se petition for a writ of

habeas corpus under 28 U.S.C. § 2241 seeking to vacate his 1997

conviction and sentence in the United States District Court for the

Eastern District of North Carolina for conspiracy to distribute

crack cocaine.  Dunn claims that the indictment violated <u>Apprendi</u>

<u>v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435

(2000), because it failed to set forth an essential element of the

crime, the amount of cocaine involved in the conspiracy.

      In answering the petition, the Respondent contends that it

should be dismissed because as a challenge to the conviction and

sentence, it has to be brought in a motion under 28 U.S.C. § 2255,

not in a § 2241 petition.  Citing Third Circuit law, the Respondent

also argues that the <u>Apprendi</u> claim lacks merit in any event.

Certified from the record
Date 9/27/01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

We will dismiss the petition because we agree with the Respondent that a section 2241 petition is procedurally unavailable to Dunn. It also appears that there is no merit to the Apprendi claim under Third Circuit law.

II. Background.

In April 1997, Dunn was indicted in the Eastern District of North Carolina for conspiring to violate 21 U.S.C. § 841, "by knowingly and intentionally distributing and possessing with intent to distribute cocaine base (crack), a Schedule II narcotic controlled substance, in violation of" 21 U.S.C. § 846." See Doc. 1, Appendix A. After a plea of guilty, he was sentenced in November 1997 to 174 months imprisonment and five years of supervised release. The sentence was a downward departure from the guideline range based on the government's motion as a result of defendant's substantial assistance. (Doc. 1, Appendix B).

Dunn did not take a direct appeal. He did file a § 2255 motion attacking his conviction on the ground of ineffective assistance of counsel. According to him, on July 22, 1999, the United States District Court for the Eastern District of North Carolina denied that motion. On December 30, 1999, the Fourth Circuit denied an appeal of that ruling. See United States v. Dunn, 203 F.3d 823 (4th Cir. 199)(unpublished disposition at 2000 WL 1383).

-2-

On January 16, 2001, Dunn filed the instant section 2241 petition, challenging his conviction and sentence under Apprendi.[1]

III. Discussion.

    A.   Procedural Unavailability of a
           Section 2241 Petition.

The Petitioner's claim, relying on Apprendi, attacks the validity of his conviction and sentence. Generally, a challenge to either the validity of a conviction or to a sentence must be brought in a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(Caldwell, J.). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, see United States v. Hatcher, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his

---

[1] Because this is Dunn's second collateral challenge to his conviction, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before disposing of his petition. Having already filed a 2255 motion, the Petitioner is already subject to the procedural limitations on filing a successive 2255 motion. Additionally, Dunn has made it plain that he is aware of section 2255 and wishes to pursue a 2241 petition. In any event, because his petition will be treated as one under section 2241, our disposition of this petition will not affect any procedural rights he may retain to file another section 2255 petition.

-3-

detention."  28 U.S.C. § 2255 (West Supp. 2000); <u>see also</u> <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a section 2241 petition to substitute for a 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" <u>Brooks</u>, <u>supra</u>, 230 F.3d at 648 (quoting <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)).  "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255.  *In re* <u>Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).

The Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001) (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).  Dunn's only argument that it would be is that because the Supreme Court has not yet declared that <u>Apprendi</u> represents a new rule of constitutional law retroactive to cases on collateral review, section 2255 is not

-4-

available to him (petition, ¶ 13), presumably for the filing of a second or successive 2255 motion.[2]

This is not sufficient. "A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Nor can the Petitioner rely on In re Dorsainvil, supra, to pursue his 2241 petition. In that case, the Third Circuit did find that a section 2255 motion was inadequate and ineffective to test the legality of the petitioner's detention and allowed a section 2241 petition to proceed. However, Dorsainvil is distinguishable. At issue in Dorsainvil was whether the petitioner could invoke Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995), a case decided after the resolution of his 2255 motion, to establish that he was innocent of the crime for which he was being incarcerated. Because Bailey changed the substantive law and may have negated the crime for which Dorsainvil stood convicted, and because it had not been decided at the time Dorsainvil's initial section 2255 motion had been ruled on, the Third Circuit allowed the 2241 petition to proceed. In doing so, the court

---

[2]This position would be correct. See In re Turner, ___ F.3d ___, 2001 WL 1110349 (3d Cir. 2001)(denying permission to file a second 2255 motion based on Apprendi because the Supreme Court had not yet declared that it was retroactive to cases on collateral review nor did Supreme Court precedent dictate that result).

-5-

stressed that its holding was a narrow one and limited to the "unusual position-that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251, 252-53.

It was crucial to the Third Circuit's decision in Dorsainvil that refusing to allow a 2241 petition might result in the imprisonment of a person whose conduct was no longer criminal in light of Bailey. That is not the case with the Petitioner's Apprendi claim. Apprendi would not negate Dunn's criminal conduct; rather, if applied here, it would only shift the fact-finding duty from the court to the jury and change the burden of proof from a preponderance of the evidence standard to a reasonable doubt standard.[3]

Because section 2255 was not inadequate or ineffective to test the legality of Dunn's detention, we will dismiss this 2241 petition.

B.   The Merits of the _Apprendi_ Claim.

Even if we were to examine Dunn's 2241 petition on the merits, we would not grant any relief. First, as we recently decided in

---

[3]We have also considered the cases the Petitioner cites in his reply brief, Gray-Bey v. United States, 209 F.3d 986 (7th Cir. 2000); Valona v. United States, 138 F.3d 693 (7th Cir. 1998); Barapind v. Reno, 225 F.3d 1100 (9th Cir. 2000); and Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000). For Dunn, these cases only stand for the proposition that a district court should carefully consider whether a petitioner can bring a 2241 petition. We are, of course, engaged in such an analysis now.

United States v. Pinkston, 153 F. Supp. 2d 557, (M.D. Pa. 2001), Apprendi does not apply retroactively to cases on collateral review, so Dunn could not invoke it here.

Second, as we view Third Circuit law, there is no Apprendi claim when a defendant's sentence falls below the statutory maximum sentence for a drug violation involving an unspecified amount of drugs. See United States v. Williams, 235 F.3d 858 (3d Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3763 (U.S. May 21, 2001)(No. 00-1771).

For his conviction of conspiracy to distribute crack cocaine Dunn received a sentence of 174 months (fourteen years and six months) imprisonment.  The statutory maximum sentence for an unspecified amount of cocaine (when no amount has been ascertained) is twenty years.  See 21 U.S.C. 841(b)(1)(C).  Since Dunn received a sentence less than this statutory maximum, under Williams there is no Apprendi claim.[4]  We reject the Petitioner's contrary interpretation of section 841(b).

IV.  Conclusion.

For the foregoing reasons, Dunn's section 2241 petition will be denied.  However, the denial will be without prejudice to any attempt by Dunn to move in the Fourth Circuit Court of Appeals for

---

[4]Fourth Circuit law would give the same result.  See United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001)(en banc), petition for cert. filed, (U.S. Aug. 16, 2001)(No. 01-5838).

an order authorizing a second or successive section 2255 motion,
and certainly without any prejudice to making such a motion if the
Supreme Court does rule that Apprendi is a new rule of
constitutional law that should be applied retroactively to cases on
collateral review.

   We will issue an appropriate order.

_William W. Caldwell_

WILLIAM W. CALDWELL
United States District Judge

Date: September 27, 2001

-8-

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE J. DUNN,                          :
                                        :
          Petitioner                    :
                                        :          CIVIL NO. 1:CV-01-0073
          v.                            :
                                        :          (Judge Caldwell)
JAKE MENDEZ,                            :
                                        :
          Respondent                    :

O R D E R

AND NOW, this 27th day of September, 2001, it is ordered that:

1.    The petition for a writ of habeas corpus under 28
      U.S.C. § 2241 (doc. 1) is denied but without
      prejudice to any right Dunn may have to move in the
      Fourth Circuit Court of Appeals for an order
      authorizing a second or successive §2255 motion.

2.    The Clerk of Court is directed to close this case.

WILLIAM W. CALDWELL
United States District Judge

FILED

SEP 27 2001

PER
HARRISBURG, PA          DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 27, 2001

Re:  1:01-cv-00073   Dunn v. Mendez

True and correct copies of the attached were mailed by the clerk
to the following:

        Wayne J. Dunn
        USP-ALLENWOOD
        Maximum Security Correct. Inst.
        #16988-056
        P.O. Box 3000
        White Deer, PA  17887

        Kate L. Mershimer, Esq.
        U.S. Attorneys Office
        Room 217, Federal Bldg.
        228 Walnut St.
        Harrisburg, Pa  17108

        David Barasch
        United States Attorney's Office
        Room 217, Federal Building & Court House
        228 Walnut Street
        Harrisburg, PA  17108

```
cc:
Judge                       ( ✔ )          ( ✔ ) Pro Se Law Clerk
Magistrate Judge            (   )          (   ) INS
U.S. Marshal                (   )          (   ) Jury Clerk
Probation                   (   )
U.S. Attorney               (   )
Atty. for Deft.             (   )
Defendant                   (   )
Warden                      (   )
Bureau of Prisons           (   )
Ct Reporter                 (   )
Ctroom Deputy               (   )
Orig-Security               ( ✔ )
Federal Public Defender     (   )
Summons Issued              (   )  with N/C attached to complt. and served by:
                                   U.S. Marshal (   )    Pltf's Attorney (   )

Standard Order 93-5         (   )
Order to Show Cause         (   )  with Petition attached & mailed certified mail
```

```
                              to:  US Atty Gen    (  )    PA Atty Gen (  )
                                   DA of County   (  )    Respondents  (  )
Bankruptcy Court              (  )
Other_____    (  )

                                                 MARY E. D'ANDREA, Clerk


DATE:  ___4/27/01_____          BY: ____XSm_____
                                               Deputy Clerk
```